FITZPATRICK, J.[1]
¶1 David Curtis and Maurice Goodwin (whom I will sometimes refer to collectively as "the tenants") appeal a money judgment entered by the Dane County Circuit Court in favor of their former landlord, Butler Plaza, LLC. Butler Plaza initiated this action to recover unpaid rent after the tenants vacated the premises. Curtis and Goodwin contend that Butler Plaza accepted their surrender of the premises, thereby releasing them from further liability for rent. The tenants further assert that the circuit court's finding that Butler Plaza made efforts to mitigate damages was clearly erroneous. Because I conclude that Butler Plaza did not accept the tenants' surrender of the premises, and the circuit court's finding that Butler Plaza made efforts to mitigate damages was not clearly erroneous, the judgment of the circuit court is affirmed.
BACKGROUND
¶2 The pertinent facts are undisputed.
¶3 In September 2017, the tenants entered into a residential lease with Butler Plaza. The tenancy began on September 1, 2017, and was to terminate on July 31, 2018. The rental fee under the lease agreement totaled $ 1,331.00 per month. The lease agreement specified that "[n]o uncaged pets are allowed in any apartment under any circumstances without the prior written approval of the landlord."
¶4 In November 2017, the tenants purchased a dog and brought it to the premises. The tenants notified Butler Plaza by email that they had purchased the dog, and Butler Plaza responded that the lease agreement prohibited pets without prior written approval of the landlord. Following numerous additional emails between the parties concerning whether the tenants could keep the dog on the premises, the tenants sent to Butler Plaza an email terminating the lease. That email included the following pertinent language:
We sought legal guidance from a local housing attorney as we had identified multiple violations of our lease agreement. These are in direct violation of your own lease agreement and the Dane County Fair Housing Act....
....
We will no longer be tenants at Butler Plaza effective January 1, 2018.... Given the violations in the lease and Fair Housing Act we would not be made responsible for the duration of our lease and expect, according to the Butler Plaza lease agreement, the returned security deposit.
¶5 Butler Plaza responded to that email as follows: "We will accept you vacating the premises 12/31/17 as stated in your email. Attached are vacating instructions. We will start to market your apartment now. Please provide forwarding address information for your [security] deposit."
¶6 The tenants vacated the premises by December 31, 2017. The tenants completed a move-out form and returned the keys to the premises to Butler Plaza.
¶7 In January 2018, Butler Plaza rerented the premises. The new tenancy began on January 22, 2018, and was to terminate on July 30, 2018, meaning that the new lease did not extend beyond the term of the lease with the original tenants. The rental fee under the new lease agreement totaled $ 1,075.00 per month.
¶8 After rerenting the premises, Butler Plaza sent to Curtis and Goodwin a letter demanding $ 2,555.00, a sum "represent[ing] the difference of rent owed and rent that will be received with the new lease signed." The tenants refused to pay, and in February 2018, Butler Plaza initiated this action to recover that amount.
¶9 In April 2018, a Dane County Circuit Court Commissioner entered a money judgment in favor of Butler Plaza. Butler Plaza requested a trial de novo pursuant to WIS. STAT. § 757.69(8). Following a two-day trial de novo, the Dane County Circuit Court entered a money judgment in the amount of $ 2,124.10 in favor of Butler Plaza.
¶10 The tenants appeal.
¶11 I refer to other material facts in the following Discussion.
DISCUSSION
¶12 Curtis and Goodwin argue that Butler Plaza expressly agreed to accept surrender of the premises and released them from further liability under the lease agreement. The tenants characterize their email terminating the lease as an offer to vacate the premises and Butler Plaza's response to that email as an acceptance of that offer. Additionally, the tenants assert that the circuit court erroneously found that Butler Plaza met its burden of proof under WIS. STAT. § 704.29(3) that it made efforts to mitigate damages.
¶13 I conclude that Butler Plaza did not accept the tenants' surrender of the premises. Instead, Butler Plaza elected to mitigate damages by rerenting the premises. I also conclude that the circuit court's finding that Butler Plaza made efforts to mitigate those damages was not clearly erroneous.
I. Standard of Review.
¶14 To resolve the question of whether Butler Plaza accepted the tenants' surrender of the premises, the provisions of WIS. STAT. § 704.29 must be applied to the undisputed facts. That presents a question of law subject to de novo review. See Vander Wielen v. Van Asten , 2005 WI App 220, ¶10, 287 Wis. 2d 726, 706 N.W.2d 123.
¶15 Whether a landlord has made efforts to mitigate damages is a question of fact. This court upholds the circuit court's findings of fact unless those are clearly erroneous. See Ross v. Smigelski , 42 Wis. 2d 185, 198, 166 N.W.2d 243 (1969). "[A] finding of fact is clearly erroneous when 'it is against the great weight and clear preponderance of the evidence.' " Phelps v. Physicians Ins. Co. of Wisconsin , 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (quoting State v. Arias , 2008 WI 84, ¶12, 311 Wis. 2d 358, 752 N.W.2d 748 ).
II. Landlord's Right to Elect a Remedy and Duty to Mitigate.
¶16 An action to recover unpaid rent is governed by WIS. STAT. § 704.29. Section 704.29 provides in pertinent part that:
If a tenant unjustifiably removes from the premises prior to the effective date for termination of the tenant's tenancy and defaults in payment of rent ... the landlord can recover rent and damages except amounts which the landlord could mitigate in accordance with this section, unless the landlord has expressly agreed to accept a surrender of the premises and end the tenant's liability.
Sec. 704.29(1). Accordingly, when a tenant unjustifiably removes from the premises before the expiration of the lease, the landlord has the right to elect between the following "mutually exclusive choices":
(1) [A]ccept the tenant's surrender and ... re-let the[ ] [premises] for the landlord's own account, thereby releasing the tenant from any further liability for rent, or (2) notify the tenant that [the landlord] is ... re-letting the premises for the tenant's benefit and therefore the monies received from the successor tenancy will be fully credited to the initial tenant's obligation under the lease.
CCS N. Henry, LLC v. Tully , 2001 WI App 8, ¶11, 13, 240 Wis. 2d 534, 624 N.W.2d 847. The tenant's liability for the breach thus depends on whether the landlord accepts the tenant's surrender of the premises, "either in fact or as implied at law." Id. , ¶10. If the landlord rerents the premises for the initial tenant's account, the original tenant remains responsible for the rent due under the original lease until its term has concluded. Id. , ¶11.
¶17 "The right to elect which course he [or she] will pursue remains with the landlord until he [or she] makes his [or her] election by taking some step which clearly evidences an intent to make a choice between the two inconsistent remedies ...." Id. , ¶13 (quoting First Wisconsin Tr. Co. v. L. Wiemann Co. , 93 Wis. 2d 258, 271, 286 N.W.2d 360 (1980) ). Certain acts, including "the mere entry and taking possession of the premises," are "equivocal" and do not constitute an acceptance of surrender of the premises. Id. ; see also WIS. STAT. § 704.29(4)(a) and (b). Certain acts by the landlord are "privileged" under § 704.29(4). These acts "do not defeat the landlord's right to recover rent and damages and do not constitute an acceptance of surrender of the premises." Sec. 704.29(4). Notably, § 704.29(4)(d) provides that "[a]ny ... act which is reasonably subject to interpretation as being in mitigation of rent or damages and which does not unequivocally demonstrate an intent to release the defaulting tenant" is "privileged." Sec. 704.29(4)(d).
¶18 If a tenant has vacated the premises and the landlord has not accepted the tenant's surrender, the landlord is obligated to rerent the premises to mitigate damages. WIS. STAT. § 704.29(2) ; Tully , 240 Wis. 2d 534, ¶13, 240 Wis. 2d 534 ; see also First Wisconsin , 93 Wis. 2d at 271. In an action by the landlord to recover rent, "the amount of recovery is reduced by the net rent obtainable by reasonable efforts to rerent the premises." Sec. 704.29(2)(b).
¶19 Pursuant to WIS. STAT. § 704.29(3), the landlord has the burden to allege and prove that he or she "has made efforts to comply" with § 704.29. Sec. 704.29(3). If the landlord makes that showing, the burden shifts to the tenant to prove that the landlord's efforts were not reasonable. Id. "[R]easonable efforts" are "those steps that the landlord would have taken to rent the premises if they had been vacated in due course ...." Sec. 704.29(2)(a). Additionally, the tenant must prove that "any terms and conditions upon which the landlord has in fact rerented were not reasonable." Sec. 704.29(3). Further, the tenant must prove "the amount that could have been obtained by reasonable efforts to mitigate by rerenting." Id.
¶20 I now consider whether Butler Plaza took possession of the premises for the purposes of mitigating damages or accepted the tenants' surrender of the premises, thereby releasing them from further liability under the lease.
III. Butler Plaza Elected to Mitigate Damages.
¶21 For the following reasons, I conclude that Butler Plaza elected to take action in mitigation of damages and did not accept the tenants' surrender of the premises. After the tenants sent the email terminating the lease agreement, Butler Plaza responded that it would "accept [the tenants] vacating the premises 12/31/17 as stated in [the tenants'] email.... We will start to market your apartment now." This response is "reasonably subject to interpretation as being in mitigation of rent or damages and ... does not unequivocally demonstrate an intent to release [Curtis and Goodwin]." See WIS. STAT. § 704.29(4)(d). Accordingly, Butler Plaza's email did not constitute an acceptance of the tenants' surrender.
¶22 Butler Plaza successfully rerented the premises on January 22, 2018, at a rate of $ 1,075.00 per month. Butler Plaza then sent the tenants a letter demanding $ 2,555.00, a sum "represent[ing] the difference of rent owed and rent that will be received with the new lease signed."
That act clearly evidenced an election on the part of [Butler Plaza] to hold [Curtis and Goodwin] liable ... and established the fact that [Butler Plaza] took possession for the purpose of reletting the premises in order to mitigate the damages ... sustained through the tenants' breach of the lease.
Weinsklar Realty Co. v. Dooley , 200 Wis. 412, 228 N.W. 515, 517 (1930).
¶23 Curtis and Goodwin make a number of arguments that Butler Plaza accepted their surrender of the premises and released them from further liability under the lease. The tenants' first argument is that the email terminating the lease agreement constituted an "offer" to vacate the premises and Butler Plaza "accepted [the tenants'] offer." The tenants emphasize that Butler Plaza's response to the email terminating the lease agreement stated "[w]e will accept you vacating the premises 12/31/17 as stated in your email." The tenants contend that this statement expressed Butler Plaza's intent to accept surrender of the premises. I reject the tenants' argument.
¶24 As an initial matter, the tenants do not cite to any authority which holds that the offer and acceptance analysis they advocate is correct under the circumstances of this case. To the contrary, the case law cited by the tenants holds that, where a tenant has breached a lease agreement and vacated the premises, the choice of remedy "remains with the landlord until he [or she] makes his [or her] election by taking some step which clearly evidences an intent to make a choice between the two inconsistent remedies ...." Tully , 240 Wis. 2d 534, ¶13 (quoting First Wisconsin , 93 Wis. 2d at 271 ). The analysis, then, does not look to whether the tenant has made an "offer" to vacate the premises that is conditioned on the landlord's "acceptance" of the surrender. Instead, once the tenant breaches the lease and vacates the premises, it is the landlord who elects the remedy. Accordingly, the dispositive question is whether Butler Plaza acted in furtherance of mitigation or accepted the tenants' return of the premises "in a manner that effects a legal surrender of the premises." Id. , ¶10. As explained above, no such acceptance occurred in this case.
¶25 The tenants also contend that Butler Plaza accepted their surrender of the premises because they "turned in the check-out sheet, keys, forwarded their mail, transferred out of [gas and electric service], and turned in their cable box," and Butler Plaza "confirmed receipt of the items." However, the tenants do not cite to any authority which holds that the return and acceptance of those items means that the landlord "expressly agreed to accept a surrender of the premises and end the tenant's liability." WIS. STAT. § 704.29(1). To the contrary, these actions merely indicate that the landlord has taken possession of the premises, which is an "equivocal" act and "does not necessarily constitute acceptance of surrender as a matter of law." Tully , 240 Wis. 2d 534, ¶13. Our supreme court long ago stated that "[t]oo much importance should not be attached to a delivery of the keys to the landlord and his [or her] attempt to re-let the premises. The legal effect of these acts depends largely on the intent with which the keys were delivered and for what purpose they were accepted." Dooley , 228 N.W. at 517 (quoted source omitted). The tenants' return of those items to Butler Plaza, and Butler Plaza's acceptance of those items, was merely an equivocal act and did not constitute an acceptance of the tenants' surrender of the premises.
¶26 Curtis and Goodwin next contend that "Butler Plaza's statement that it would begin to market the apartment further confirms that [the tenants'] liabilities had ended." This contention is rejected. Butler Plaza's statement that it would market the premises is equivocal, "as the landlord's obligation to mitigate damages by re-letting the premises could cause it to re-rent without the intent to accept the surrender of the premises, and it is the landlord who has the right to elect which remedy it will select." Tully , 240 Wis. 2d 534, ¶13 (emphasis added). Furthermore, the act of rerenting the premises is "privileged" under WIS. STAT. § 704.29(4)(b) and therefore does not constitute an acceptance of surrender of the premises. Sec. 704.29(4)(b).
¶27 In their reply brief in this court, the tenants raise for the first time the argument that Butler Plaza accepted the tenants' "proposal to no longer be liable for the remainder for [sic] the lease in exchange for not pursuing Fair Housing Act claims." Because the tenants first raise this argument in their reply brief, I need not consider it. See A.O. Smith Corp. v. Allstate Ins. Companies , 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) (appellate court will not consider arguments made for first time in reply brief). Moreover, even if I were to consider the argument, I would reject it. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." RESTATEMENT (SECOND) OF CONTRACTS § 24 ( AM. LAW INST. 1981). "An offer must be so definite in its terms ... that the promises and performances to be rendered by each party are reasonably certain." Malone by Bangert v. Fons , 217 Wis. 2d 746, 769, 580 N.W.2d 697 (Ct. App. 1998) (quoting Petersen v. Pilgrim Vill. , 256 Wis. 621, 624, 42 N.W.2d 273 (1950) ). Regarding possible Fair Housing Act claims, the tenants' letter stated:
Given the evidence necessary to prove multiple inconsistencies and violations with our lease agreement and Fair Housing Act. We have all of this information in writing and would be happy to meet and discuss these violations in full. Given the violations in the lease and Fair Housing Act we would not be made responsible for the duration of our lease and expect ... the returned security deposit.
No reasonable person would construe this language as an offer to release Butler Plaza from liability for potential Fair Housing Act claims in exchange for being released from further liability under the lease.
¶28 I now consider whether the circuit court's finding that Butler Plaza made efforts to rerent the premises was clearly erroneous.
IV. Butler Plaza Made Efforts to Mitigate Damages.
¶29 The tenants argue that the circuit court's finding that Butler Plaza made efforts to mitigate damages was clearly erroneous. Under the clearly erroneous standard of review, this court upholds the circuit court's findings of fact unless those are against the great weight and clear preponderance of the evidence.
¶30 The tenants have not demonstrated that the circuit court's finding that Butler Plaza made efforts to mitigate damages was clearly erroneous. Their argument fails because it ignores the most obvious proof that Butler Plaza made efforts to mitigate damages: Butler Plaza successfully rerented the premises. Because Butler Plaza proved that it rerented the premises and thereby made an effort to mitigate damages, the burden shifted to the tenants to prove "that any terms and conditions upon which the landlord has in fact rerented were not reasonable ...." WIS. STAT. § 704.29(3) (emphasis added). In their briefs in this court, the tenants ignore this burden-shifting framework and do not cite to any record evidence demonstrating that the terms and conditions upon which Butler Plaza rerented the premises were unreasonable. Nor do the tenants cite to any record evidence demonstrating the amount of rent that could have been obtained. In short, the tenants failed to meet their burden of proof.
¶31 The tenants next assert that the circuit court erred in finding that Butler Plaza made efforts to mitigate because under Wisconsin law, the court could not make an essential finding of fact based "solely" on a declarant's oral hearsay statement. See WIS. STAT. § 799.209(2). The tenants' hearsay objection is targeted at the testimony from Butler Plaza concerning email discussions that it had with prospective tenants. Even assuming that the tenants are correct and this testimony was hearsay, § 799.209(2) prohibits the circuit court from making an essential finding of fact based "solely" on the alleged hearsay. I have already concluded that Butler Plaza provided evidence that it successfully rerented the premises. Accordingly, the circuit court had other evidence from which it could find that Butler Plaza made efforts to mitigate.
¶32 Lastly, the tenants argue that Butler Plaza's efforts to mitigate were not reasonable because "Butler Plaza failed to provide any specific proof of its efforts to re-let the apartment beyond identifying how units are generally advertised." The tenants contend that "Butler Plaza did not provide any evidence that it took any special steps in marketing [the tenants'] specific unit." This argument fails for at least the reason that it attempts to shift the burden of proving that the efforts to mitigate were reasonable back on to the landlord, contrary to the framework provided in WIS. STAT. § 704.29(3). Additionally, under Wisconsin law, "reasonable efforts" are "those steps that the landlord would have taken to rent the premises if they had been vacated in due course. " Sec. 704.29(2)(a) (emphasis added). Accordingly, Butler Plaza was not required to take any "special steps" to rerent the vacated premises. Moreover, nothing in § 704.29(2) or the controlling case law suggests that the landlord must prioritize rerenting the vacated premises over other premises. Instead, § 704.29(2)(b) provides that "[i]f the landlord has other similar premises for rent and receives an offer from a prospective tenant not obtained by the defendant, it is reasonable for the landlord to rent the other premises for the landlord's own account in preference to those vacated by the defaulting tenant. " Sec. 704.29(2)(b) (emphasis added). So, even assuming for the sake of argument that Butler Plaza rented other premises in preference to the premises vacated by the tenants, it does not follow that Butler Plaza's efforts to mitigate damages were not reasonable.
¶33 In sum, because Butler Plaza elected to mitigate damages without accepting surrender of the premises and made reasonable efforts to mitigate those damages, Curtis and Goodwin remain liable for the rent due on their lease agreement, and any payments received from the succeeding tenant are credited to their obligation under that lease agreement.
CONCLUSION
¶34 For the foregoing reasons, the judgment of the circuit court is affirmed.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.